RONALD W. DOWNS, P.C., OSB No. 920530
E-mail: rdowns@sdao.com
P.O. Box 12613
Salem, Oregon 97309-0613
Telephone: (503) 375-8898 (Cell) (503) 375-8898 (Office)
Facsimile: (503) 400-3090

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| JAMES PUCIK, KENDAL PUCIK and SHAWNA PUCIK, | Case No. 3:22-CV-00536-IM |
| | **AMENDED COMPLAINT** |
| Plaintiffs, | Personal Injuries – Strict Products Liability – Negligence - Loss of Consortium |
| v. | |
| MAT HOLDINGS, INC., a Domestic Corporation; MAT INDUSTRIES, LLC, a Domestic Corporation; and HOME DEPOT U.S.A. INC., a Foreign Corporation, | (Demand for Jury Trial) (Not Subject to Mandatory Arbitration) |
| | Filing Fee based upon ORS 21.160(1)(e) Amount in Controversy: $12,000,000 |
| Defendants. | |

Plaintiffs allege:

### FIRST CLAIM FOR RELIEF
(Plaintiff James Pucik)
(Against Defendants MAT Holdings Corporation, MAT Industries, LLC, and Home Depot Corporation)

### COUNT ONE
(Strict Liability)

1.

At all times material, hereto:

a)      Plaintiff, James Pucik is an individual residing in Wilsonville, Clackamas County, State of Oregon;

Page 1 – AMENDED COMPLAINT

1

b)    Plaintiff, Kendal Pucik is an individual residing in Wilsonville, Clackamas County, State of Oregon;

2

c)    Plaintiff, Shawna Pucik is an individual residing in Wilsonville, Clackamas County, State of Oregon;

3

4

d)    Defendant MAT Holdings Inc., is a duly organized Illinois Corporation with a principal place of business located at 6700 Wildlife Way, in the City of Long Grove, County of Lake, State of Illinois, engaged in the business of manufacturing, designing, testing, distributing, and selling industrial equipment in general, and air compressor machines in particular, some of which were sold in the State of Oregon;

5

6

7

e)    Defendant MAT Holdings, Inc., carried on regular and sustained business activity within the County of Multnomah, State of Oregon, by manufacturing, designing, testing, distributing, selling, and supplying air compressor machines, some of which were sold to customers located in the County of Multnomah, State of Oregon;

8

9

10

f)    Defendant MAT Industries LLC., is a duly organized Illinois Corporation with a principal place of business located at 6700 Wildlife Way, in the City of Long Grove, County of Lake, State of Illinois, engaged in the business of manufacturing, designing, testing, distributing, supplying and selling industrial equipment in general, and air compressor machines in particular, some of which were sold in the State of Oregon. MAT Industries LLC is a subsidiary of Defendant MAT Holdings Inc.;

11

12

13

14

g)    Defendant MAT Industries LLC., carried on regular and sustained business activity within the County of Multnomah, State of Oregon, by manufacturing, designing, testing, distributing, supplying and selling air compressor machines, some of which were sold to customers located in the County of Multnomah, State of Oregon;

15

16

17

h)    Defendant Home Depot, U.S.A. Inc., (hereinafter referred to as Home Depot), is a Georgia corporation, with a principal place of business located at 2455 Paces Ferry Road, in the City of Atlanta, County of Fulton, State of Georgia, engaged in the business of selling air compressors, operating stores throughout the country under the trade name of "Home Depot," some of which products were sold in the State of Oregon;

18

19

20

21

i)    Defendant Home Depot U.S.A. Inc., carried on regular and sustained business activities within the County of Multnomah, State of Oregon, by selling a wide range of air compressors within the City of Portland, County of Multnomah, State of Oregon;

22

23

/ / /

24

/ / /

25

/ / /

26

Page 2 – AMENDED COMPLAINT

2.

During the year 2017, plaintiff purchased from defendant Home Depot, a Husky 30 Gallon Portable Air Compressor (the "Air Compressor"), Model No. C302H, Item No. 1001 655 406, manufactured by defendant MAT Holdings and/or MAT Industries.

3.

On May 5, 2021, plaintiff was setting up an area in the garage of his home to work on his hobby. He hooked up an air hose and air blower to the air compressor and started the air compressor to allow it to properly pressurize. Approximately 3 to 4 minutes after starting the air compressor, a violent explosion occurred, propelling the compressor upwards, striking the ceiling of the garage, and downward onto plaintiff's vehicle, and landing on the floor. At the time of the explosion, plaintiff was standing approximately 1 to 2 feet from the air compressor. The force of the explosion lifted plaintiff into the air, rendering him unconscious and causing serious injuries as hereinafter alleged.

4.

The explosion was violent and of such force that it shook the house. Plaintiff Kendal Pucik was in the house at the time of the explosion. Hearing and feeling the explosion, plaintiff Kendal Pucik went to the garage to find her father unconscious and lying in a pool of blood on the ground. Plaintiff Kendal Pucik called 911 and returned to render comfort and assistance while waiting for EMT's to arrive.

5.

EMTs arrived promptly to find James Pucik in hemorrhagic shock, with blood in his airway and increasing facial and tongue swelling. EMT's emergently transported plaintiff to Oregon Health Science University in Portland, Oregon, where he remained hospitalized until his discharge on May 24, 2021.

/ / /

/ / /

Page 3 – AMENDED COMPLAINT

1                                          6.

2        The injuries sustained by plaintiff from this explosion, were caused by the negligence and/or

3    strict liability of defendants, and each of them, as hereinafter set forth.

4                                          7.

5        The aforementioned air compressor was manufactured, designed, tested, distributed and

6    sold by defendants MAT Holdings, MAT Industries, and Home Depot U.S.A. Inc., who knew the

7    air compressor would be used by a retail consumer without substantial change in its condition from

8    the time of its manufacture and sale. The air compressor was, in fact, substantially in the same

9    condition at the time it was used by plaintiff as it was at the time of its purchase and sale on

10   October 23, 2017.

11                                         8.

12       Defendants MAT Holdings, MAT Industries and Home Depot are strictly liable for

13   designing, manufacturing, distributing, inspecting, testing and selling the aforementioned air

14   compressor in an unreasonably dangerous condition for the use intended in one or more of the

15   following particulars:

16       a) The air compressor was defective and unreasonably dangerous because it was dangerous

17          to an extent beyond that which would be expected by the ordinary consumer who

18          purchases the product with the ordinary knowledge common to the community as to its

19          characteristics;

20       b) The air compressor was defective and unreasonably dangerous because it was improperly

21          designed as it failed to provide protection sufficient to protect a user in the event of a

22          foreseeable explosion;

23       c) The air compressor was defective and unreasonably dangerous because it was improperly

24          designed as it failed to prevent the lower section from separating under pressure;

25       d) The air compressor was defective and unreasonably dangerous because it was improperly

26          designed as it failed to ensure a proper weld around the lower section of the tank;

Page 4 – AMENDED COMPLAINT

e) The air compressor was defective and unreasonably dangerous because the weld around the lower section of the tank was not manufactured to engineering design, standards, specifications or certifications;

f) The air compressor was defective and unreasonably dangerous because it lacked adequate warnings or instructions, including warning stickers, placards, and/or proper documentation, to alert users of the dangerous characteristics of the compressor, including, but not limited to, the risk of explosion;

g) The air compressor was defective and unreasonably dangerous because it was improperly tested to discover the dangerous conditions and/or risk of explosion created by the failed weld;

h) The air compressor was defective and unreasonably dangerous because it failed to otherwise protect users and/or consumers from the risk of a foreseeable explosion;

i) The air compressor was defective and unreasonably dangerous because it was not properly inspected to discover the dangerous conditions and/or risk of explosion created by the failed weld;

j) The air compressor was defective and unreasonably dangerous because defendants failed to employ competent safety personnel to inspect or discover the dangerous conditions and/or risk of explosion created by the failed weld;

k) The air compressor was defective and unreasonably dangerous because defendants allowed a dangerous condition to exist to the end consumer;

l) The air compressor was defective and unreasonably dangerous because defendants failed to adequately train, inspect or supervise safety, relating to the design or manufacture of the air compressor or specifically the weld of the tank, to ensure that the compressor was free from hazards.

/ / /

/ / /

Page 5 – AMENDED COMPLAINT

9.

Defendants and each of them, knew, or in the exercise of reasonable care, should have known, that an improper design or manufacture of the compressor could create an unreasonably dangerous and reasonably foreseeable condition, *i.e.,* the potential explosion when under pressure.

10.

The conduct of defendants and each of them, created an unreasonably dangerous and reasonably foreseeable risk to a protected interest of the kind of harm that befell plaintiff James Pucik.

11.

The fault and/or negligence of defendants and each of them, in one or more of the particulars set forth above, was a substantial factor in causing and/or contributing to the following injuries suffered by plaintiff James Pucik, some of which are permanent in nature:

a)    Grade 4 splenic laceration;

b)    Splenectomy;

c)    Grade 2 laceration and removal of the top of the pancreas;

d)    Grade 1 liver laceration;

e)    Posterior maxillary sinus fracture and inferior orbital wall bucket fracture;

f)    Laryngotracheal thermal injury;

g)    Proximal clavicle fracture;

h)    Anterior 1st and 3rd rib fractures, lateral 6th and 10th rib fractures, and bilateral Fracture of the L5 Vertebrae;

i)    Acute deep vein thrombosis;

j)    Facial lacerations and multiple lacerations to the lower extremities;

k)    Tongue laceration and on-going swelling and speech impediment;

Page 6 – AMENDED COMPLAINT

l)    Compromised airway;

m)    On-going sharp pains through-out the night that effects his sleep;

n)    Lack of energy, fatigue and inability to walk for extend periods;

o)    Severe lack of strength which effects his ability to perform manual labor, lifting heavy objects, or engage in physical exercise;

p)    Pain and numbness down the thigh;

q)    Permanent scarring from the surgical incisions that run up the middle of the torso, neck, legs, arm, chin and stomach;

r)    Numbness and tingling within the toes and bottom of the feet which at times effects Mr. Pucik's balance;

s)    Teeth and jaw numbness impacted in the explosion;

t)    Permanently compromised immune system caused by the removal of Mr. Pucik's spleen;

u)    Severe abdominal hernia;

v)    Diminished sense of taste;

w)    Significant muscle atrophy;

x)    Significant short and long term memory loss and/or decreased sense of motivation; and

y)    On-going pain, suffering, and psychological trauma from the explosion, medical treatment, and recovery.

12.

As a result of the aforementioned injuries, plaintiff James Pucik has undergone the following surgical procedures:

Page 7 – AMENDED COMPLAINT

**RONALD DOWNS PC**
P.O. Box 12613
Salem, Oregon 97309-0613
(503) 780-0847

1

a)      Splenectomy;

2

b)      Distal pancreatectomy;

3

c)      Open tracheostomy;

4

d)      Exploratory laparotomy;

5

e)      4-quadrant abdominal packing for hemorrhage control;

6

7

f)      Repair of facial laceration;

8

g)      Diagnostic cerebral angiogram;

9

h)      Distal pancreas drain; and

10

i)      Placement of IVC filter.

11

13.

12

As a result of the aforementioned injuries, plaintiff James Pucik has been rendered sick, sore,

13

nervous and distressed, has suffered permanent injury, physical and emotional pain, and loss of

14

enjoyment of life, in the past, present, and in the future, all to his noneconomic damage in a

15

reasonable amount to be awarded by the jury, not to exceed the sum of $12,000,000.00.

16

14.

17

As a result of the negligence and/or fault of the defendants MAT and Home Depot, and each

18

of them, in one or more of the particulars set forth herein, plaintiff James Pucik has incurred

19

reasonable and necessary medical and related expenses to date in the approximate sum of

20

$600,000.00, and lost wages to date in the approximate sum of $150,000.00, all to his total economic

21

damage to date in the approximate sum of $750,000.00.

22

15.

23

Plaintiff James Pucik will incur future medical and related expenses in the approximate sum

24

of $500,000.00, and future lost wages and/or loss of future earning capacity in the approximate sum

25

of $1,650,000.00, all to his total future economic damage in the approximate sum of $2,150,000.00.

26

Page 8 – AMENDED COMPLAINT

**RONALD DOWNS PC**
P.O. Box 12613
Salem, Oregon 97309-0613
(503) 780-0847

16.

Plaintiff James Pucik is entitled to interest at 9% per annum for his economically verifiable losses from the date of loss to the date of judgment.

17.

Plaintiff James Pucik reserves the right to amend this Complaint at the time of trial to more completely allege his economic losses and/or to conform to proof offered at trial.

18.

Plaintiffs hereby demand a jury trial.

**COUNT TWO**
**(Negligence)**

19.

Plaintiff realleges ¶¶1 through 18 of Count One of the First Claim for Relief.

20.

Defendants MAT and Home Depot were negligent in one or more of the particulars set forth in ¶¶8 of Count One.

**SECOND CLAIM FOR RELIEF**
**(Plaintiff Kendal Pucik)**
**(Negligent Infliction of Emotional Distress)**
**(Against All Defendants)**

21.

Plaintiff Kendal Pucik realleges ¶¶1 through 20 set forth above in Count One and Two of plaintiff James Pucik's First Claim for Relief.

22.

Plaintiff Kendal Pucik is the daughter of plaintiff James Pucik. Plaintiff Kendal Pucik was 22 years of age at the time of this incident. The explosion was violent and of such force that it shook the house. Plaintiff Kendal Pucik was in the house at the time of the explosion. Hearing and feeling the explosion, plaintiff Kendal Pucik went to the garage to find her father unconscious and

Page 9 – AMENDED COMPLAINT

**RONALD DOWNS PC**
P.O. Box 12613
Salem, Oregon 97309-0613
(503) 780-0847

1  lying in a pool of blood on the ground. Plaintiff Kendal Pucik called 911 and returned to render

2  comfort and assistance while waiting for EMT's to arrive.

3                                             23.

4       As a direct result of the conduct of defendants, and each of them, as alleged above, and the

5  resulting injuries to plaintiff James Pucik, plaintiff Kendal Pucik has suffered mental and

6  emotional distress, in the past, present, and in the future, entitling her to noneconomic damage in

7  a reasonable amount to be awarded by the jury, not to exceed the sum of $1,500,000.00.

8                          **THIRD CLAIM FOR RELIEF**
                                **(Plaintiff Shawna Pucik)**
9                               **(Loss of Consortium)**
                                **(Against All Defendants)**
10                                            24.

11

12      Plaintiff Shawna Pucik realleges ¶¶1 through 20 set forth above in Count One and Two of

    plaintiff James Pucik's First Claim for Relief.
13
                                              25.
14
        Plaintiff Shawna Pucik is the wife of plaintiff James Pucik for 52 years. Plaintiff Shawna
15
    Pucik has been the family member primarily in charge of the care of plaintiff James Pucik since
16
    his discharge from the hospital.
17
                                              26.
18
        As a direct result of the conduct of defendants, and each of them, as alleged above, and the
19
    resulting injuries to plaintiff James Pucik, plaintiff Shawna Pucik has lost the company, help,
20
    support, services, and comfort, of her husband to a significant degree, and is painfully burdened in
21
    her body, mind, and spirit, all to her noneconomic damage in a reasonable amount to be awarded
22
    by the jury, not to exceed the sum of $1,500,000.00.
23
    / / /
24
    / / /
25
    / / /
26

Page 10 – AMENDED COMPLAINT

**RONALD DOWNS PC**
P.O. Box 12613
Salem, Oregon 97309-0613
(503) 780-0847

1    WHEREFORE plaintiffs pray for judgment against defendants, and each of them, in the

2    sum of $14,900,000.00 (to James Pucik) and $1,500,000.00 (to Kendal and Shawna Pucik

3    respectively), for interest at the rate of 9% per annum for all of plaintiff's economically verifiable

4    losses from the date of loss to the date of judgment, for their costs and disbursements incurred

5    herein, and for such other relief as the court deems just and equitable.

6    DATED this 24th day of April, 2022.

7                                      _____*/s/ Ronald W. Downs*_____
                                      Ronald W. Downs, OSB #920530
8                                      ron@rdownslaw.com
                                      Attorney for Plaintiff's
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 11 – AMENDED COMPLAINT

**RONALD DOWNS PC**
P.O. Box 12613
Salem, Oregon 97309-0613
(503) 780-0847

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing AMENDED COMPLAINT on the party listed below, by the method indicated:

**JAMES R. MCCUNE, OSB #135547**
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Email: mccune@bodyfeltmount.com

*Of Attorneys for Defendants*

MAIL DELIVERY

X    EMAIL / ONE DRIVE

X    E-FILING NOTIFICATION

DATED this 24th day of April, 2022.

                    /s/ Ronald W. Downs
_____
Ronald W. Downs, OSB # 920530
Attorney for Plaintiff
Email: ron@rdownslaw.com
(503) 780-0847 (Cell)
(503) 375-8898 (Office)

Page 12 – AMENDED COMPLAINT